CAROLINE GEHLHAR, Respondent, v. HERMAN KONOSKE, John Konoske, Elsie Konoske, W. B. S. Trimble Company, a Corporation, Herman Rode, Rosena Konoske, John A. Konoske, Mary Konoske, Arthur Konoske, and all ·Persons Unknown Claiming any Estate or Interest in ·the Property Described in the Complaint, Defendant. HERMAN KONOSKE, Appellant.

### (201 N. W. 341.)

**Joint adventures — each joint adventurer held liable for proportionate share of building and improvement costs on land, on accounting.**

Upon an accounting between parties who have been engaged in a joint enterprise, it is held for reasons stated in the opinion that in determining the respective interests of the joint adventurers in certain lands, each of the joint adventurers should bear a proportionate share of the cost of certain buildings and other improvements which have been constructed on the premises.

Opinion filed December 5, 1924.

Joint Adventures, 33 C. J. § 96 p. 871 n. 21.

From a judgment of the District Court of Stutsman County, *Jansonious*, J., defendant Herman Konoske appeals.

Reversed in part.

*C. S. Buck*, for appellant.

*John A. Jorgenson*, for respondent.

CHRISTIANSON, J. This is a sequel to Gehlhar v. Konoske, 50 N. D. 256, 195 N. W. 558. By that decision it was established that plain-

51 N. D.—58.

tiff and her two brothers in 1908 entered into a joint enterprise in course of which they acquired certain lands in Stutsman County in this state. Under the arrangement between the plaintiff and her brothers, the brothers farmed the land, and she served as their house-keeper. Plaintiff discontinued her service in November or December, 1915. In the former decision in this case this court held that at this time, to-wit: when plaintiff's services were so discontinued," she was entitled to an undivided one-third interest in this land to the extent of the right interest and equity of this joint adventure so earned at that time." 195 N. W. 563. In considering the question of how this inter-est might be ascertained this court said: "If the land then (at the time plaintiff ceased to participate actively in the joint adventure), for the purposes of liquidating the joint adventure and paying each of the joint adventurers, had been sold and the cash therefor, less the liens, brought into court for an accounting, it would have been a simple matter to have divided the cash among the parties. But, the land has not been sold; it has remained in specie; subsequent liens have attached; taxes and interest subsequent have accrued; use and occupa-tion of the land has been had. An accounting in equity now must be had for the purpose of this joint adventure. In order to have such ac-counting now, the net value of the joint adventure concerned must be considered as if the property which constituted the assets of the joint adventure was in court now and was liquidated in cash less the liens that existed thereupon at the time when plaintiff's active relations ceased and the joint adventure was accomplished. The net assets of such joint adventure then remaining must necessarily be balanced by deducting or adding thereto as equity may determine in considering all the circumstances, the use and occupation of the land subsequent, less or plus the interest on the liens existing at the time when plain-tiff's active relations ceased, and the taxes and assessments. In other words, equity must ascertain the value of this joint adventure, as it existed when it was accomplished and when plaintiff's active relations ceased, upon the basis of the present value of the land." (195 N. W. 563).

In accordance with the decision of this court, the cause was re-manded to the district court, and a hearing was there had along the lines outlined in the decision. Upon such hearing evidence was ad-

duced as to the value of the land, both at the time plaintiff's active participation in the joint enterprise ceased, and at the time of the trial; the amount of outstanding liens against the premises; the amount of taxes and interest payments made by the defendant; and the reasonable rental value of the land during the years it had been occupied by the defendants. Upon such hearing it was also established that after plaintiff's active participation in the joint adventure had ceased and prior to the commencement of the present action the defendants made valuable improvements on the lands to-wit: they constructed a large barn and silo and fenced and cross-fenced the entire tract.

The sole question presented on this appeal is whether the plaintiff is entitled to participate in these improvements without bearing her proportionate share of the cost of construction thereof. The trial court, in effect, held that she was entitled to so participate. Apparently the trial court construed the decision of this court as requiring the value of plaintiff's equity in the land to be determined as of the time when her active relations in the joint adventure ceased, i. e., as of November or December 1915. And inasmuch as the evidence showed that owing to a decrease in land values, generally, the land was of as great value in 1915 without improvements as it was at the time of the trial with the improvements which the defendants had placed thereon interim December 1915 and the date of the trial, the trial court placed the amount of plaintiff's interest in the land at one-third of the actual value of the land at the time of the trial inclusive of the value of such improvements. In other words, under the judgment entered in this case the plaintiff, in effect, receives the benefit of and is awarded one-third of the value of the structures placed on the land by the defendants, after plaintiff's active participation in the joint adventure ceased; or stated in another way, by the judgment in this case the amount of plaintiff's interest in the land is computed on the basis of the value of the land in December 1915. This is not in accord with the decision of this court. Plaintiff's active participation in the joint enterprise ceased in 1915. She did not commence this action until 1922. In the meantime the defendants had farmed the land, had paid taxes and interest on outstanding incumbrances. At the time the case was presented to this court on the former appeal it was a matter of common knowledge that land prices, in general, were considerably lower than in the fall of

1915. Hence, this court determined that it would be inequitable to allow the plaintiff a money award based upon the value of the land in December 1915, and that it would be more equitable to take as a basis therefor "the present value of the land;" and it will be noted that in the concluding paragraph of the former opinion it was said: "Equity must ascertain the value of this joint adventure, as it existed when it was accomplished and when plaintiff's active relations ceased, *upon the basis of the present value of the land.*" 195 N. W. 563. It will be noted that plaintiff's interest was to be determined "on the basis of the present value of the land," as contradistinguished from the value of the land at the time plaintiff's active relations in the joint enterprise ceased. Elsewhere in the opinion it was provided that an accounting should be had in which there should be considered such elements as outstanding liens, interest and taxes paid and the value of the use and occupation of the land.

We are wholly agreed that the plaintiff is not entitled to share in the enhanced value of the premises by reason of the improvements constructed by the defendants interim December 1915 and the trial, without bearing her proportional share of the cost of construction. From all the evidence adduced it appears that these improvements were constructed in good faith, and are, in fact, an essential, necessary, and permanent part of the farm as a going concern and that they add materially to the present value of the premises. We are, therefore, of the opinion that the plaintiff should bear her proportionate share of the cost of the construction of these improvements and that this element should be taken into consideration in determining the money value of her present interest in the premises.

Accordingly, the judgment of the district court is reversed, and the cause remanded for further proceedings in conformity with this opinion.

BRONSON, Ch. J., and NUESSLE and JOHNSON, JJ., concur.

BIRDZELL, J., dissents.